[654 NYS2d 165]

In the Matter of SOHAN ROOPAN SINGH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 3, 1997

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Sohan Roopan Singh,* Port Charlotte, Florida, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The petition contains three charges of professional misconduct against the respondent. The Special Referee sustained all three charges. The Grievance Committee has now moved to confirm the report of the Special Referee. The respondent has failed to submit any papers in response to the Grievance Committee's motion.

Charge One alleges that the respondent failed to cooperate with a legitimate investigation by the Grievance Committee into his alleged professional misconduct. By a letter from the petitioner dated March 24, 1994, the respondent was advised that the petitioner received a complaint from Bernadette Alexander alleging professional misconduct by the respondent. The respondent was directed to submit a written answer to the allegations within 10 days. The respondent failed to submit an answer. By a letter dated April 20, 1994, that was sent by both certified and first class mail, the respondent was again directed to submit a written answer to the petitioner within 10 days. The respondent again failed to submit a written answer.

On or about May 24, 1994, counsel to the petitioner placed a telephone call to the respondent's law office regarding Ms. Alexander's complaint and left an urgent message for the respondent to call the petitioner's office. The respondent failed to return this telephone call. On or about May 26, 1994, counsel to the petitioner placed another telephone call to the respondent's law office and left another urgent message for the respondent to call the petitioner's office. The respondent also failed to return this telephone call.

By a letter dated June 16, 1994, that was sent by both certified and first-class mail to the respondent's home address, the respondent was again directed to submit a written answer to the petitioner within 10 days. The respondent again failed to submit a written answer.

Between November 17, 1994 and December 2, 1994, counsel to the petitioner placed several telephone calls to the respondent's home in Florida regarding Ms. Alexander's complaint. During these telephone calls, counsel to the petitioner left urgent messages for the respondent to call the petitioner's office. The respondent failed to return these telephone calls or to submit an answer to Ms. Alexander's complaint.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Two alleges that the respondent failed to cooperate with a legitimate investigation by the Grievance Committee into his alleged professional misconduct. By a letter from the petitioner dated April 28, 1994, the respondent was advised that the petitioner received a complaint from Barbara Clarke alleging professional misconduct. The respondent was directed to submit a written answer to the allegations within 10 days. The respondent failed to submit an answer.

On or about May 24, 1994, counsel to the petitioner placed a telephone call to the respondent's law office regarding Ms. Clarke's complaint and left an urgent message for the respondent to call the petitioner's office. The respondent failed to return this telephone call. On or about May 26, 1994, counsel to the petitioner placed another telephone call to the respondent's law office and left another urgent message for the respondent to call the petitioner's office. The respondent also failed to return this telephone call. By letters dated May 31, 1994 and June 16, 1994, that were sent by both certified and first-class mail, the respondent was again directed to submit a written answer to the petitioner within 10 days. The respondent again failed to submit a written answer.

Between November 17, 1994 and December 2, 1994, counsel to the petitioner placed several telephone calls to the respondent's home in Florida and left several urgent messages. The respondent failed to return these telephone calls or to submit an answer to Ms. Clarke's complaint.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Charge Three alleges that the respondent failed to cooperate with a legitimate investigation by the Grievance Committee. By a letter from the petitioner dated August 11, 1994, the respondent was advised that the petitioner received a complaint from Horace Gordon. The respondent was directed to submit a written answer within 10 days. The respondent failed to submit an answer. By a letter dated November 4, 1994, that was sent by both certified and first-class mail to the respondent's home address, the respondent was again directed to submit a written answer to the petitioner within 10 days. The respondent again failed to submit a written answer.

Between November 17, 1994 and December 2, 1994, counsel to the petitioner placed several telephone calls to the respon-

dent's home in Florida and left urgent messages for the respondent to call the petitioner's office. The respondent failed to return these telephone calls.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

In view of the evidence presented, the Special Referee properly sustained all three charges. The Grievance Committee's motion to sustain the report of the Special Referee is granted.

In determining the appropriate measure of discipline to impose, we have considered the respondent's age and his representation that he is retired in Florida and does not intend to return to New York. We note that the respondent has been issued a Letter of Admonition for his neglect of the three matters that are the subject of this disciplinary proceeding.

Under the totality of the circumstances presented, the respondent is suspended from the practice of law for one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Sohan Roopan Singh, is suspended from the practice of law for a period of one year, commencing April 2, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during the one-year period he has refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Sohan Roopan Singh, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving

to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.